**MARYLAND CASUALTY COMPANY, a Maryland Corporation, Baltimore, Maryland, Plaintiff,**

v.

**AMERICAN GENERAL INSURANCE COMPANY, a Texas Corporation, Washington, D. C., American General Life Insurance Company of Delaware, a Delaware Corporation, Washington, D. C., and American General Life Insurance Company, a Texas Corporation, Washington, D. C., Defendants.**

**Civ. A. No. 1604–64.**

United States District Court
District of Columbia.

July 27, 1964.

8. Othello, Act 3, Scene 3.

Hogan & Hartson, Edmund L. Jones, Joseph J. Smith, Jr., Washington, D. C., Piper & Marbury, William L. Marbury, Robert B. Barnhouse, Baltimore, Md., Whiteford, Hart, Carmody & Wilson, John J. Wilson, Charles J. Steele, Washington, D. C., for plaintiff; Carrington, Johnson ,& Stephens, Dallas, Tex., of counsel.

Covington & Burling, Hugh B. Cox, Paul F. McArdle, Washington, D. C., Vinson, Elkins, Weems & Searls, David T. Searls, Houston, Tex., for defendants.

McGARRAGHY, District Judge.

The case is before the Court on plaintiff's motion for a preliminary injunction enjoining the defendants, their officers, agents, servants, employees, attorneys and successors, pending final determination of this action, from proceeding further with any exchange of stock of defendant American General for the stock of the plaintiff.

After a full hearing when numerous witnesses testified and many exhibits were received in evidence, the motion was taken under advisement, the Court, with the consent of all parties, having continued in effect until July 27, 1964 the temporary restraining order theretofore issued.

Upon consideration of all of the evidence, I have concluded that the preliminary injunction sought by the plaintiff should not issue and that the defendant should be permitted to proceed with its proposed Offer of Exchange subject to an Order of this Court under which the present status of Maryland management, policies, personnel and assets will be maintained, and the stock proposed to be acquired by the defendants will not thereafter be transferred except pursuant to an Order of the Court, until the entry of an Order at final hearing on the merits, at which time, if the Court should determine that the proposed merger is in violation of law, it can then order a divestiture of the Maryland stock acquired by the defendants.

I have reached this conclusion for several reasons;

FIRST, the plaintiff has not carried the burden of showing that there is a reasonable probability or reasonable certainty that it will prevail on the merits at final hearing;

SECOND, the plaintiff has not established that it will be irreparably injured pending trial on the merits if the injunction is not granted;

THIRD, on the issue of irreparable injury, the principal officers of the plaintiff who engaged in negotiations with representatives of the defendant looking

to a stock acquisition such as is now contemplated, were entirely willing to agree to such a proposed transfer provided the terms were acceptable to them. It seems unlikely to me that these officers would have participated in such negotiations and, indeed, made their own proposal of terms if, in fact, the stock acquisition by defendants would cause the damage to plaintiff such as the officers now say would result;

FOURTH, also on the issue of irreparable injury, while the plaintiff introduced evidence which it contends establishes a threatened disturbance in its relationships with its agents throughout the country, much of this evidence is the result of activities by the plaintiff following the breakdown of negotiations when the plaintiff by communications to its stockholders and agents undertook an active campaign of resistance against the proposed stock acquisition by the defendants;

FIFTH, should a preliminary injunction issue at this stage, such action would cause irreparable loss to the defendants and to the stockholders of the plaintiff;

SIXTH, with respect to the defendants, under the circumstances of this case, the issuance of a preliminary injunction would amount to a final determination on the merits for the plaintiff, without trial, would frustrate the merger, and the defendants would suffer the loss of large sums expended preliminary and incident to the proposed stock acquisition;

SEVENTH, with respect to the stockholders of Maryland, issuance of a preliminary injunction by the terms of which they would be deprived of the right of transferring their stock in Maryland for the preferred and common stock of American General would result in serious damage to the Maryland stockholders.

I am filing with this Memorandum detailed Findings of Fact and Conclusions of Law, and the Court will enter an Order denying the preliminary injunction sought by the plaintiff and permitting the defendants to proceed according to plans in process when the temporary restraining order was issued, but restraining and enjoining the defendants, their officers, directors and employees, pending final determination of this action, from:

1. Transferring to any other person, firm or corporation any shares of the common stock of Maryland Casualty Company acquired by any of the defendants through the proposed exchange offer or otherwise, except pursuant to an order of this Court;

2. Merging or consolidating the Maryland Casualty Company or any of its subsidiaries or affiliates into or with American General Insurance Company, or any of its subsidiaries or affiliates, or with any other concern, and from merging or commingling the assets of Maryland Casualty Company with those of American General Insurance Company, or of any of its subsidiaries or affiliates or with the assets of any other company;

3. Voting any or all of the common stock of Maryland Casualty Company acquired by the defendants or any of them by or through the proposed exchange offer or otherwise for the election of any persons as directors of Maryland Casualty Company except such persons as may be designated or recommended by the President and Chief Executive Officer of Maryland Casualty Company; and

4. Using or voting any stock of Maryland Casualty Company acquired by any of the defendants by or through the proposed exchange offer or otherwise to prevent or to interfere with Maryland Casualty Company entering into the life insurance business;

5. Using or voting any stock of Maryland Casualty Company acquired by any of the defendants by or through the proposed exchange offer or otherwise to change or interfere with the operations, practices, policies, customs, field and agency personnel and home office personnel of Maryland Casualty Company.